UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL SLEDGE,

      Plaintiff,

v.                                            Case No. 06-14961
                                                  Honorable Patrick J. Duggan
DAIMLERCHRYSLER, INC. and
HUGH SCOTT,

      Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT
DAIMLERCHRYSLER, INC.'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 19, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On November 3, 2006, Plaintiff filed this *pro se* action against his former employer Defendant DaimlerChrysler, Inc.[1] ("DaimlerChrysler") and its labor relations representative Defendant Hugh Scott (collectively "Defendants"), alleging violations of the Family and Medical Leave Act, disability discrimination in violation of Michigan law, and intentional infliction of emotional distress. Presently before the Court is

---

[1] According to DaimlerChrysler, contrary to Plaintiff's amended complaint, there is no corporate entity operating in Michigan named "DaimlerChrysler, Inc." Instead, the corporate entity is "DaimlerChrysler Corporation."

1

DaimlerChrysler's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). In its motion, DaimlerChrysler argues that Plaintiff should be judicially estopped from pursuing this lawsuit because his claims against Defendants arose on or before his termination in November 3, 2003, but he failed to list his claims against Defendants in the bankruptcy petition he filed on May 17, 2004. Defendant filed a response to DaimlerChrysler's motion on February 20, 2007. On February 23, 2007, this Court issued a notice to the parties, informing them that it is dispensing with oral argument pursuant to Rule 7.1(e)(2) of the Local Rules for the Eastern District of Michigan. For the following reasons, the Court denies DaimlerChrysler's motion.

The Bankruptcy Code requires debtors to disclose on their bankruptcy petitions any claims, including any potential claims, they may have against others. *Lewis v. Weyerhaeuser*, 141 F. App'x 420, 424 (6th Cir. 2005)(citations omitted)(unpublished op.). If a plaintiff fails to disclose his cause of action during the bankruptcy proceeding, then he generally is judicially estopped from asserting the claim at a later time. *Id.*; *see also Tyler v. Fed. Express Corp.*, 420 F. Supp. 2d 849 (W.D. Tenn. 2005), *aff'd* 2006 WL 3334953 (6th Cir. 2006). This is because "[t]he doctrine of judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *Lewis*, 141 F. App'x at 424 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808 (2001)).

However, "[i]t is well-settled that judicial estoppel does not apply where the prior

2

inconsistent position occurred because of 'mistake or inadvertence.'" *Lewis*, 141 Fed. Appx. at 425 (quoting *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002)).  The *Browning* court advised that a debtor's "failure to disclose a cause of action may be deemed inadvertent where (1) 'the debtor lacks the knowledge of the factual basis of the undisclosed claims,' or (2) 'the debtor has no motive for concealment.'" *Id*. (quoting *Browning*, 283 F.3d at 776).  The Sixth Circuit later provided that judicial estoppel may be inappropriate where there is an absence of bad faith in the debtor's failure to disclose the claim.  *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894 (2004).

In this case, Plaintiff establishes that his failure to disclose his potential claim against Defendants was inadvertent and without bad faith.  Plaintiff explains that, although DaimlerChrysler terminated his employment on November 7, 2003, at the time he filed his bankruptcy petition on May 17, 2004, he was counting on his union getting back his job.  *See* Pl.'s Resp. Br. at 4.  According to Defendant, he therefore never considered the possibility of suing DaimlerChrysler until February 2005, when the union informed him that it no longer was pursuing his case.  *See id*.  By that time, the Chapter 7 Trustee had entered a report of no assets and the Bankruptcy Court had entered a discharge order.  *See id*. Ex. 2.  Plaintiff has moved to reopen his bankruptcy case and has filed an amended bankruptcy petition to reflect his claim in the present lawsuit.  *See id*.

Because the Court concludes that Plaintiff omitted his claim against Defendants from his initial bankruptcy petition inadvertently or absent bad faith, it holds that judicial estoppel should not apply in this case.

3

Accordingly,

**IT IS ORDERED**, that DaimlerChrysler's motion to dismiss or, in the alternative, for summary judgment is **DENIED**.

                                                                               s/PATRICK J. DUGGAN
                                                                               UNITED STATES DISTRICT JUDGE

Copies to:
Earl Sledge
Lawrence J. Murphy, Esq.
Brett A. Rendeiro, Esq.