UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL SLEDGE,

    Plaintiff,

v.                             Case No. 06-14961

                             Honorable Patrick J. Duggan

DAIMLERCHRYSLER CORP. and
HUGH SCOTT,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT DAIMLERCHRSYLER'S MOTION FOR SUMMARY JUDGMENT.

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on July 21, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff, Earl Sledge, filed this action against Defendants DaimlerChrysler and Hugh Scott to enforce his civil rights under the Family Medical Leave Act ("FMLA"), Michigan's Persons with Disability Civil Rights Act ("PWDCRA"), and the Americans with Disabilities Act ("ADA"), along with a claim for intentional infliction of emotional distress under Michigan law.[1] Presently before the Court is DaimlerChrysler's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed

---

[1] Hugh Scott is a labor relations representative employed by DaimlerChrysler during all the times relevant to the complaint. (Complaint, ¶ 3.)

April 15, 2008. On May 13, 2008, this Court instructed Plaintiff to file a response to DaimlerChrysler's motion for summary judgment within 21 days. Nevertheless, Plaintiff has not responded to the motion. For the reasons that follow, the Court grants DaimlerChrysler's motion.

## Standard for Summary Judgment

Pursuant to Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting FED. R. CIV. P. 56(c)). "Rule 56(c) mandates summary judgment…against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Id.*

## Factual and Procedural Background

Plaintiff began working for DaimlerChrysler in 1998 as an assembly worker. From March 2001 to October 2001, Plaintiff went on medical leave two separate times due to depression symptoms. On February 13, 2002, the benefits representative informed Plaintiff that his medical benefits had been denied for the time he was on medical leave for depression. According to Plaintiff, the next day he drove to the plant, entered the parking lot, but never went into the plant. (Def.'s Mot. Summ. J. Ex. C at 93).

DaimlerChrysler interpreted this action as leaving the plant without authorization, and suspended him for five days. On the fifth day, DaimlerChrysler terminated Plaintiff.

On or about February 28, 2002, Hugo Scott of DaimlerChrysler told Plaintiff that he could return to work if he signed a last chance agreement and agreed to see an employee assistance representative. On June 20, 2002, Plaintiff returned to work.

On October 29, 2003, Plaintiff went to the emergency room after experiencing chest pain. It was not a heart attack, but rather a chest muscle sprain. The doctor advised Plaintiff he could return to work on October 30, 2003. Plaintiff then returned to work, and began suffering chest pains again, but the supervisor refused to give Plaintiff permission to leave. Approximately two hours later Plaintiff called 911, returned to the hospital without permission and once again was diagnosed with a pulled chest muscle and no heart problems. On November 3, 2003 Plaintiff was suspended for leaving work without authorization, which was converted to a discharge on November 7, 2003.

**Applicable Law and Analysis**

Plaintiff first asks for damages for a violation of the Family Medical Leave Act. In order to be eligible for damages, the employee must show that he/she "(1) has been employed by the employer for at least 12 months, and (2) has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave, and (3) is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite." The number of hours is defined as the time when the employee is on duty or at the premises primarily

for the employer's benefit. 29 C.F.R. § 7785.7. This Court lacks jurisdiction to decide the claim when an employee does not qualify as "eligible." *Douglas v. E.G. Baldwin & Assocs., Inc.,* 150 F.3d 604, 607 (6th Cir. 1998). "Conclusory allegations unsupported by specific evidence are insufficient to establish a genuine issue of material fact." *Hinson v. Tecumseh Prods.,* 234 F.3d 1268 (6th Cir. 1999). If the plaintiff fails "to provide the court with any evidence… to rebut [defendant's] employment records to defeat a motion for summary judgment," summary judgment must be granted for the defendant. *Id.*

Plaintiff is not an eligible employee. The employee must have "been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave." Plaintiff does not specify on which exact date his leave commenced; therefore, the Court must rely on the dates and numbers provided by DaimlerChrysler. According to DaimlerChrysler's records and the testimony of Henry R. Murawski, Jr., Plaintiff only worked 1019.1 hours from October 29, 2002 through October 29, 2003. Plaintiff is more than 28 full, 8-hour work days short of the requirement, and without any evidence rebutting DaimlerChrysler's records beyond conclusory allegations, Plaintiff fails to establish his eligibility. Consequently, this Court lacks jurisdiction to hear his FMLA claim.

Plaintiff also seeks relief for disability discrimination and intentional infliction of emotional distress under Michigan law. Plaintiff agreed to a clause in his initial employment application, however, that bars his claims. (Def.'s Mot. Summ. J. Ex. A).

Plaintiff signed an employment application which included the following clause:

4

> I agree that any claim or lawsuit arising out of my employment with… Chrysler Corporation or any of its subsidiaries must be filed no more than six months after the date of the employment action that is the subject of the claim or lawsuit… I agree to be bound by the six-month period set forth herein, and I WAIVE ANY STATUE OF LIMITATIONS TO THE CONTRARY.

Defendant argues that Plaintiff's claim is barred under Michigan law, because "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Rory v. Continental Insurance Co,* 473 Mich 461, 703 N.W.2d 26 (2005). This Court is "without authority to modify unambiguous contracts or rebalance the contractual equities struck by the contracting parties." *Id.*

The Michigan Court of Appeals has upheld the time limitations clause contained in DaimlerChrysler's employment application. In *Clark v. DaimlerChrysler Corp.*, 268 Mich. App. 142; 706 N.W.2d 474 (2005), the court held the time limitations clause was not contrary to law, and decided that it was valid because no statute explicitly prohibits modifying statutes of limitations. The only other way the contractual provision can be construed as unenforceable is if one of recognized traditional contract defenses of "duress, waiver, estoppels, fraud, or unconscionability applies."[2]

As Plaintiff raises no traditional contract defense, and there is no statute or policy against it, the contractual term must be enforced. Due to the limitations period, Plaintiff

---

[2] Other plaintiffs have brought unconscionability defenses against this limitation clause, but Plaintiff has not. Even so, it has been affirmed as reasonable. See *Clark*, 268 Mich. App. at 143; 706 N.W.2d at 473.

must have brought his claim within six months of the last emotional duress or discriminatory act suffered, which means that, at the latest, Plaintiff must have filed his lawsuit on or before May 7, 2004. Because Plaintiff did not file his complaint until November 3, 2006, both his disability discrimination and intentional infliction of emotional distress claims are time barred.

Finally, Plaintiff mentions in his complaint that his action is to enforce civil rights under the Americans with Disabilities Act, 42 U.S.C. § 12101. "A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). Plaintiff's ADA claim is not mentioned at all under the section detailing the three counts against DaimlerChrysler. Moreover, Plaintiff did not state how he is eligible to recover under the ADA[3] or how DaimlerChrysler violated the Act. Plaintiff has not shown that he is entitled to relief under the ADA, therefore his claim must be dismissed.

Accordingly,

**IT IS ORDERED,** that Defendant's Motion for Summary Judgment is **GRANTED.** A judgment consistent with this Opinion will issue.

s/PATRICK J. DUGGAN

---

[3] "Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 309 (6th Cir. 2000). Plaintiff has proffered no proof that he filed a charge with the EEOC.

UNITED STATES DISTRICT JUDGE

Copies to:
Scott K. Ellis
Lawrence J. Murphy
Brett A. Rendeiro